PATRICK J. WHALEN, ESQ.,
Attorney at Law, LLC
109 S. Warren Street
Trenton, NJ 08608
(609) 393-6970
*Attorney for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY JONES,<br>　　　　Plaintiff,<br>v.<br><br>THE EWING TOWNSHIP BOARD OF EDUCATION; PRINCIPAL WARREN D. SCHUSTER, in his individual and official capacity; VICE-PRINCIPAL BARBARA BROWER, in her individual and official capacity; VICE-PRINCIPAL YOLANDA ARMSTRONG, in her individual and official capacity; SUPERINTENDENT DR. TIMOTHY WADE, in his individual and official capacity; SUPERINTENDENT RAYMOND BROACH, in his individual and official capacity; HARRY J. STOUT, III, in his individual and official capacity; NIKKI T. JOYNES, in her individual and official capacity; JOHN/JANE DOES #1-18, individually and in their official capacity; and XYZ CORPORATIONS #1-10, individually, jointly, and severally and in the alternative,<br>　　　　Defendants. | CIVIL ACTION<br>CASE NO.:09-cv-3536<br><br>JUDGE FREDA L. WOLFSON, U.S.D.J.<br><br>**ORDER**<br><br>RECEIVED<br><br>DEC - 9 2010<br><br>AT 8:30_____M<br>WILLIAM T. WALSH<br>CLERK |

This matter having come before the Court on a Motion of Patrick J. Whalen, attorney for Plaintiff, and the Court having considered the papers submitted herein, and for the reasons set forth herein and for good cause shown, the Court will grant Plaintiff's Motion to file her Opposition papers to the Stout Defendants' Motion for Summary Judgment under seal;

L. Civ. R. 5.3(c) allows the Court to permit a party to seal, or otherwise restrict public access to, any materials or judicial proceedings upon request by that party by

formal motion made pursuant to L. Civ. R. 7.1. L. Civ. R. 5.3(c)(2) requires that any motion to seal or otherwise restrict public access shall describe (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.

In the present case, the Court finds that the Plaintiff has described the nature of the materials at issue as Plaintiff's Opposition papers, which directly references some of the confidential material exchanged in discovery pertaining to the Plaintiff, as well as the Third-Party Defendant.

The Court further finds that Plaintiff has shown the interest that warrants such relief to be the privacy interests of the Plaintiff and the Third-Party Defendant and that these interests legitimately warrant such relief.

The Court further finds that should the information contained in Plaintiff's Opposition papers to the Stout Defendants' Motion for Summary Judgment be revealed to the public, the injury to the Plaintiff's privacy interests would be irreparably violated.

Finally, the Court finds that there is not a less restrictive alternative to the relief sought by Plaintiff.

CONSEQUENTLY, the Court having considered this matter pursuant to Fed. R. Civ. P. 78, and for good cause shown,

IT IS on this 9th day of December, 2010;

**ORDERED** that the Motion to Seal or otherwise restrict public access to Plaintiff's Opposition papers to the Stout Defendants' Motion for Summary Judgment described herein shall be, and hereby is, **GRANTED**;

**IT IS FURTHER ORDERED** that counsel for Plaintiff is hereby permitted to file her confidential Opposition papers to the Stout Defendants' Motion for Summary Judgment under seal with the Clerk of the Court because it contains confidential information.

_____
Honorable Douglas E. Arpert, U.S.M.J.

—unopposed /consent